**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| JOSUE GUTIERREZ, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ERICSSON INC., a corporation; and DOES 1 through 10, inclusive,<br><br>Defendants. | CASE NO.: EDCV 23-1665-GW-SHKx<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND APPROVAL OF PAGA SETTLEMENT**<br><br>Date:   March 17, 2025<br>Time:  8:30 a.m.<br>Place:  Courtroom 9D<br>            350 West 1st Street<br>            Los Angeles, CA 90012 |

The Court previously granted preliminary approval of the Settlement Agreement entered into between Plaintiff Josue Guiterrez ("Plaintiff") and Defendant Ericsson Inc. ("Defendant" or "Ericsson") (collectively, "the Parties"). (ECF No. 60.) ("Preliminary Approval Order"). The Court preliminarily certified the following Class (the "Class" or "Settlement Class") for settlement purposes only:

> All persons who worked for Defendant as a non-exempt employee reporting to a California work location from June 22, 2019 to October 8, 2024.

The Court appointed, for settlement purposes only, Aubry Wand of the Wand Law Firm, P.C. as Class Counsel, Plaintiff as representative for the Class, and Simpluris, Inc. ("Simpluris") as the Settlement Administrator. *Id.*

The Court directed the Parties to execute the Notice Plan, finding that it constituted the best notice practicable under the circumstances and it satisfied due process. The Class Notice informed Class Members of the material terms of the Settlement, including, *inter alia*, (a) the nature of the case and claims asserted, (b) the procedure for Class Members to follow in order to receive compensation under the Settlement; (c) the payments to Class Counsel for attorneys' fees and costs, the payment to Plaintiff for the Class Representative Service Award, the payment to the Settlement Administrator for Settlement Administration Costs, and the payment to the California Labor and Workforce Development Agency ("LWDA") for PAGA penalties; (d) the claims that Class Members release if they do not exclude themselves from the Settlement, (e) the right of any Class Member to object to the proposed Settlement, and an explanation of the procedures to exercise that right; (f) the right of any Class Member to exclude themselves from the proposed Settlement, and an explanation of the procedures to exercise that right; and (g) the date, time, and location of the Final Approval Hearing. *Id.*

Thereafter, Plaintiff filed an unopposed Motion for Attorneys' Fees and Costs (ECF No. 61) and an unopposed Motion for Final Approval of Class Action Settlement and Approval of PAGA Settlement (ECF No. 62). Both motions are now

before the Court. The Court, upon Notice having been given consistent with the Preliminary Approval Order, and having considered the proposed Settlement, as well as all papers filed, hereby grants both motions (but with reductions to the requested attorneys' fees and the class representative service award), and **ORDERS AS FOLLOWS**:

1. The terms and phrases in this Order shall have the same meaning as ascribed to them in the Amended Class Action and PAGA Settlement Agreement and Release (ECF No. 59-1) ("Amended Settlement Agreement"), which is the operative Settlement Agreement, unless otherwise defined herein.

2. The Amended Settlement Agreement is hereby incorporated into this Final Approval Order in full and shall have the full force of an Order of this Court. This order similarly incorporates by reference the Preliminary Approval Order (ECF No. 60).

3. Neither the Settlement nor any of the terms set forth in the Amended Settlement Agreement are admissions by Defendant, or any of the other Released Parties, of liability on any of the allegations alleged in the action, nor is this Order a finding of the validity of any claims in the action, or of any wrongdoing by the Defendant, or any of the other Released Parties.

4. The notice provided to the Class and PAGA Members pursuant to the Amended Settlement Agreement and Preliminary Approval Order fully complied with the requirements of Fed. R. Civ. P. 23 and due process, and was reasonably calculated under the circumstances to apprise the Class of the pendency of the Action, their right to object to or to exclude themselves from the Settlement, and their right to appear at the Final Approval Hearing. *See* Declaration of Lisa Pavlik ("Pavlik Decl.") ¶¶ 4-9. The rights of any potential dissenters to the proposed Settlement were adequately protected. Zero Class Members submitted a Request for Exclusion, objected to the Settlement, or submitted a valid workweek dispute. *Id.* ¶ 11-14. No

Class members appeared at the Final Approval Hearing on March 17, 2025. Thus, the Class's response to the Settlement was overwhelmingly positive.

5. Defendant properly and timely notified the appropriate government officials of the Settlement Agreement, pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715. More than 90 days have elapsed since Ericsson served notice pursuant to CAFA, rendering this Order on Final Approval appropriate under 28 U.S.C. § 1715(d).

6. The Court finds that the requirements of Rule 23(a) of the Federal Rules of Civil Procedure have been satisfied for certification of the Settlement Class for settlement purposes only because: (1) the Settlement Class Members are so numerous that joinder of all members is impracticable; (2) there are questions of law and fact common to the Settlement Class; (3) the claims and defenses of the Class Representative are typical of the claims and defenses of the Settlement Class; (4) the Class Representative and Class Counsel have fairly and adequately protected the interests of the Settlement Class with regard to the claims of the Settlement Class they represent.

7. All facts bearing upon numerosity, commonality, typicality, and adequacy of the class, as well as predominance of common questions and superiority of a class action, remain unchanged. *See* Final Approval Motion at 7. "Accordingly, the Court need not find anew that the settlement class meets the certification requirements of Rule 23(a) and (b)." *Gonzalez v. BMC W., LLC*, No. 17-cv-00390-JGB-(RAOx), 2018 WL 6318832, at *5 (C.D. Cal. Nov. 19, 2018) (internal quotation marks omitted). Accordingly, the Court reaffirms its finding that the requirements of Rule 23(a) and Rule 23(b)(3) of the Federal Rules of Civil Procedure have been satisfied for certification of the Settlement Class for settlement purposes only. Common questions of law and fact predominate for settlement purposes only. In addition, pursuant to Rule 23(b)(3), the Court finds a class action settlement is

superior to individual litigation and/or settlement as a method for the fair and efficient resolution of this matter.

8. Accordingly, the Court hereby certifies the following Class:

All persons who worked for Defendant as a non-exempt employee reporting to a California work location from June 22, 2019 to October 8, 2024.

9. The Court now grants final approval, and finds that the Settlement is fair, reasonable, and adequate, consistent and compliant with all applicable requirements of the Federal Rules of Civil Procedure, the California and United States Constitutions, including the Due Process clauses, the Central District of California Local Rules of Court, and any other applicable law. The Court finds that the consideration to be paid to members of the Class is reasonable, and in the best interests of the Class Members, considering the total value of their claims compared to (a) the disputed factual and legal circumstances of the Action, (b) affirmative defenses asserted in the Action, and (c) the potential risks and likelihood of success of certifying a contested class and pursuing litigation on the merits. Moreover, the legal and factual posture of this case, the amount of informal discovery completed, and the fact that the Settlement is the result of arm's-length negotiations between the Parties, support this finding. The Court further finds that Plaintiff conducted extensive investigation and research, and that he was able to reasonably evaluate his position and the strengths and weaknesses of his claims and his ability to certify them. Plaintiff has provided the Court with enough information about the nature and magnitude of the claims being settled, as well as the impediments to recovery, to make an independent assessment of the reasonableness of the terms to which the Parties have agreed. The Court finds that these facts, in addition to the Court's observations throughout the litigation, demonstrate that there was no collusion present in the reaching of the Settlement Agreement, implicit or otherwise. The Court also finds that settlement now will avoid additional and potentially substantial litigation costs, as well as delay and risks if the Parties were to continue to litigate the Action.

10. The Court has considered the requirements of Rule 23(e)(2) of the Federal Rules of Civil Procedure, including:

    (A) the class representatives and class counsel have adequately represented the class;
    (B) the proposal was negotiated at arm's length;
    (C) the relief provided for the class is adequate, taking into account:
        (i) the costs, risks, and delay of trial and appeal;
        (ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims;
        (iii) the terms of any proposed award of attorney's fees, including timing of payment; and
        (iv) any agreement required to be identified under Rule 23(e)(3); and
    (D) the proposal treats class members equitably relative to each other.

11. The Court finds that each of these Rule 23(e)(2) factors weigh in favor of granting final approval of the Settlement. Specifically, the Court finds that:

    a. There are no signs of collusion that preclude final approval, because as the Court found at preliminary approval, despite the clear sailing agreement, any difference between the $405,000 fee award authorized by the Settlement and the Court's ultimate award reverts to the Class Members, and the fact that the Court decides the fee award, weighed against collusion. Preliminary Approval Order at 13. The Court also noted that the class had an opportunity to react to the attorney fees aspect of the Settlement during the notice period. *Id.* No Class member objected to the fee award, and as discussed below, the Court is awarding slightly less than 26% of the Gross Settlement Amount, which is just above the 25% benchmark, and is a reasonable fee award;

    b. Plaintiff and Class Counsel have adequately and diligently represented the Class;

    c. The Settlement was reached after informed arm's-length negotiations through the assistance of an experienced mediator.

-5-
ORDER GRANTING PLAINTIFF'S MOTION FOR FINAL APPROVAL

|   |   |   |
|---|---|---|
| 1 |   | Moreover, the Settlement was reached after considerable motion |
| 2 |   | practice and informal discovery; |
| 3 | d. | Plaintiff represents that the Gross Settlement Amount represents over 9% of the maximum damages potential if Plaintiff was able to certify, and then prevail at trial, on his claims. When balanced against the risks of continued litigation, the Court finds that the Gross Settlement Amount is fair and provides meaningful compensation to the Class. |
| 9 | e. | The Gross Settlement Amount of $1,350,000 is fair, reasonable, and adequate, as it will provide each Class Member with an average payment of $1,487.20. Pavlik Decl. ¶ 17. This amount will be slightly higher based on the reduction in attorneys' fees and the class representative service award. This compensation is meaningful, especially in the context of the costs, risks, and delay posed by further contested litigation; |
| 16 | f. | The proposed method of distributing compensation to the Class is effective and reasonable, the requested attorneys' fees and costs are reasonable, and there are no agreements between the Parties other than the Amended Settlement Agreement; and |
| 20 | g. | Class Members are treated equitably relative to each other under the Settlement. The Settlement allocates 85% of the Net Settlement Amount to those who did not previously sign releases with Defendant and 15% of the Net Settlement Amount to those who did. This allocation is appropriate and has a direct nexus to legitimate considerations of injury and/or risk of actual recovery. Moreover, the Class was advised of this allocation, but no Class Member objected to it. |

12. In addition to the Rule 23(e)(2) factors, the Ninth Circuit has advised consideration of the following factors in assessing whether a proposed settlement is fair, adequate, and reasonable: (1) the strength of the plaintiffs' case; (2) the risk, expense, complexity, and likely duration of further litigation; (3) the risk of maintaining class action status throughout the trial; (4) the amount offered in settlement; (5) the extent of discovery completed and the stage of the proceedings; (6) the experience and views of counsel; (7) the presence of a governmental participant; and (8) the reaction of the class members to the proposed settlement. *In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 946 (9th Cir. 2011) (quoting *Churchill Vill., L.L.C. v. Gen. Elec.*, 361 F.3d 566, 575 (9th Cir. 2004)).

13. The Court evaluated the seven *Churchill* factors applicable at the preliminary approval stage and found that all supported approval. *See* Preliminary Approval Order at 14-16. The facts regarding the strengths and weaknesses of Gutierrez's case, costs and risks of further contested litigation, risks associated with maintaining a class action, the amount offered in settlement, the extent of discovery, the experience and endorsement of class counsel, and the lack of government response or involvement remain unchanged since this Court reviewed them in issuing preliminary approval. *See* Final Approval Motion at 12-14. Therefore, the Court incorporates by reference and reaffirms those findings.

14. The eighth *Churchill* factor, the reaction of the class, also supports final approval. As previously stated, no objections were raised or exclusions requested from the Settlement. Pavlik Decl. ¶¶ 11-13. "[T]he absence of any objections to the Settlement Agreement among Class Members supports final approval." *In re Aftermarket Auto. Lighting Prods. Antitrust Litig.*, No. 09 MDL 2007-GW-(PJWx), 2014 WL 12591624, at *3 (C.D. Cal. Jan. 10, 2014); *see also Nat'l Rural Telecommc'ns Coop. v. DIRECTV, Inc.*, 221 F.R.D. 523, 529 (C.D. Cal. 2004) ("[T]he absence of a large number of objections to a proposed class action settlement raises a

strong presumption that the terms of a proposed class settlement action are favorable to the class members.").

15. Based on consideration of the foregoing factors, and the Court's familiarity with the litigation, the Court finds that the Settlement is in all respects fair, reasonable, and adequate, and is in the best interest of the Class. It is hereby finally approved.

16. The Court finds that the settlement of Plaintiff's PAGA claim represents a fair and equitable pursuant to California Labor Code section 2698, *et seq.*, for the same reasons. Additionally, the LWDA was given notice of the Settlement, but it took no position. Accordingly, the Court approves the PAGA settlement.

17. The Gross Settlement Amount, the Net Settlement Amount, and the methodology used to calculate and pay each Class Member's and PAGA Member's settlement payments are fair and reasonable, and the Court authorizes the Settlement Administrator to issue individual settlement payments to each Class Member and PAGA Member pursuant to the terms of the Amended Settlement Agreement. The Court also authorizes the Settlement Administrator to issue payment to the LWDA.

18. Class Members and PAGA Members shall have 90 days from the postmark date of issuance to negotiate their settlement checks. If the amount of un-cashed settlement checks exceeds $23,000, said funds shall be distributed to Class Members that negotiated their checks in a timely manner and in accordance with the terms of the Amended Settlement Agreement. If the amount of un-cashed settlement checks is $23,000 or less, said funds shall be paid to Legal Aid at Work, the *Cy Pres* Recipient. Legal Aid at Work is a non-profit organization whose mission includes helping low wage workers in California.[1] If there is a redistribution, Class Members shall have 90 days from the postmark date of issuance to negotiate those funds, and

---

[1] https://legalaidatwork.org/#

any unclaimed remaining funds after this time period shall be paid to Legal Aid at Work.

19. In addition to any recovery that Plaintiff may receive as a Settlement Class Member and PAGA Member under the Settlement, and in recognition of Plaintiff's efforts on behalf of the Settlement Class, the Court hereby approves the payment of a Class Representative Service Award in the amount of $6,000 to Plaintiff, which is a reduction from the $7,500 authorized under the Settlement. As stated in Plaintiff's declaration, Plaintiff took on risk, both financial and in terms of future employment prospects, by agreeing to act as the Class Representative, devoted considerable time and energy to this action for the benefit of the Class, agreed to a section 1542 waiver, which does not apply to the release of Class Members, and achieved an excellent result for the Class. The payment is fair, reasonable, and justified under the circumstances of this case. The Court authorizes the Settlement Administrator to issue this payment to Plaintiff.

20. Based on the briefing, argument, and evidence Plaintiff submitted in support of this motion, the Court awards Plaintiff attorneys' fees of $350,000. This represents a reduction from the $405,000, or 30% of the fund, authorized by the Settlement. An award of attorneys' fees of $350,000, which represents slightly less than 26% of the fund, is a slight upward departure from the 25% benchmark, and it is reasonable and appropriate based on the facts of this case. The Court also finds that Class Counsel's costs of $23,426.59 are reasonable. The Court authorizes the Settlement Administrator to issue these payments to Class Counsel.

21. The Court approves the payment of settlement administration costs in the amount of $9,500 to Simpluris. However, if the redistribution provision is not triggered, Simpluris shall be awarded $6,500, and it shall pay the difference of $3,000 to Legal Aid at Work.

22. The Parties and the Settlement Administrator are hereby directed to implement the Amended Settlement Agreement according to its terms.

23. Upon the Effective Date, Plaintiff, all Settlement Class Members and PAGA Members, the State of California and the LWDA, shall have, by operation of this Order and the accompanying Judgment, fully, finally, and forever released, relinquished, and discharged Defendant and Released Parties from all Released Class Claims and Released PAGA Claims, as defined under the terms of the Amended Settlement Agreement. The Court declares the Amended Settlement Agreement to be binding on all Class Members and all PAGA Members.

24. Plaintiff's Motion for Final Approval and Motion for Attorneys' Fees and Costs and Class Representative Service Award are hereby granted, and the Court directs that a judgment shall be entered in accordance with the terms stated herein, and as set forth in the Judgment.

25. Without affecting the finality of the Judgment, the Court shall retain exclusive jurisdiction to enforce the Amended Settlement Agreement, the Final Approval Order and Judgment.

**IT IS SO ORDERED.**

DATED: March 18, 2025

_____
HON. GEORGE H. WU,
United States District Judge