# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| JOSUE GUTIERREZ, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ERICSSON INC., a corporation; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No.: EDCV 23-1665-GW-SHKx<br><br>**JUDGMENT** |

JUDGMENT

# JUDGMENT

The Court issued an order granting final approval of the class and representative action Settlement ("Final Approval Order") entered into between Plaintiff Josue Guiterrez ("Plaintiff") and Defendant Ericsson Inc. ("Defendant") (collectively, "the Parties").

In the Final Approval Order, the Court certified the following the Class for settlement purposes only:

> All persons who worked for Defendant as a non-exempt employee reporting to a California work location from June 22, 2019 to October 8, 2024.

Judgment in this matter is entered in accordance with the Final Approval Order and Motion for Attorneys' Fees and Costs.

All PAGA Members and Class Members are bound by the Final Approval Order and the terms of the Parties' Amended Settlement Agreement, incorporated herein by this reference, and this Judgment.

All defined terms herein shall have the same meaning as defined in the Amended Settlement Agreement, which his incorporated herein by reference in its entirety.

As set forth in the Final Approval Order, the Court finds that the Settlement Agreement falls within the range of reasonableness, and therefore meets the requirements for approval of a PAGA action settlement and final approval of a Class action settlement.

This Judgment is binding on the State of California, the Labor Workforce Development Agency ("LWDA"), and all PAGA Members defined for settlement purposes only as: All persons who worked for Defendant as a non-exempt employee reporting to a California work location from April 13, 2022 to October 8, 2024.

This Judgment is also binding on all Class Members defined for settlement purposes only as: All persons who worked for Defendant as a non-exempt employee reporting to a California work location from June 22, 2019 to October 8, 2024.

**Released Claims by Plaintiff**. Plaintiff's released claims against Defendant and Released Parties includes a general release of all claims, including a waiver of Section 1542 of the California Civil Code. Amended Settlement Agreement ¶ 39.

**Released Claims by Class Members**. Effective upon the Court's entry of the Final Approval Order and this Judgment, all Class Members who did not timely exclude themselves from the Settlement shall be deemed to have released against Defendant and Released Parties during the Class Period (i.e., June 22, 2019 to October 8, 2024) the following:

> Any and all claims, rights, demands, liabilities, and causes of action alleged or which could have been alleged based on or arising out of the facts and theories in Plaintiff's Labor Workforce Development Agency ("LWDA") notice letter, amended and/or supplemental LWDA notice letter, the original complaint filed in state court, the First Amended Complaint, and/or the Second Amended Complaint, including any claims for alleged failure to pay minimum wages and overtime wages, failure to provide meal periods, failure to provide rest periods, failure to provide recovery periods, failure to pay unpaid wages (including minimum, regular, overtime, and incentive wages, nondiscretionary bonuses, shift differential pay and/or other forms of remuneration), failure to pay unpaid premium pay at the correct rate of pay, unlawful deductions, unlawful withholding of wages, failure to reimburse for business expenses and/or losses, failure to timely pay wages during employment, failure to maintain requisite records, non-compliant timekeeping practices, payroll records, or other recordkeeping or maintenance thereof, wage statement violations, failure to pay all wages due upon separation of employment, failure to properly calculate the regular rate of pay for purposes of calculating overtime, unfair competition, unfair, unlawful and/or fraudulent business practices, failure to provide required notices at the time of hire, any claim for liquidated or multiple damages, waiting time penalties, civil penalties, statutory penalties, punitive damages, restitution, interest, attorneys' fees, costs, expenses, declaratory relief, equitable relief, injunctive relief, and/or any and all potential forms of recovery, whether arising under or pursuant to any city, county, municipal, state and/or federal law, rule, regulation, ordinance, common law, and/or any Wage Order, including, the Fair Labor Standards Act, the California Labor Code Sections 200, 201, 202, 203, 204, 210, 218.5, 221, 226, 226.2, 226.7, 227.3, 233, 432, 500, 510, 511, 512, 513, 558, 1102.5, 1174, 1174.5, 1182, 1194, 1197, 1198, 1198.5, 2802, and 2810.5, the Private Attorneys' General Act (Labor Code § 2698 et seq.), and California Business and Professions Code

Section 17200 *et seq.*

Amended Settlement Agreement ¶ 40.

**Released Claims by PAGA Members**. Effective upon the Court's entry of the Final Approval Order and this Judgment, all PAGA Members, the State of California and the LWDA shall be deemed to have released against Defendant and Released Parties during the PAGA Period (i.e., April 13, 2022 to October 8, 2024) the following:

> Any and all PAGA claims, causes of action, obligations, demands, disputes, rights, and/or liabilities for PAGA penalties against the Released Parties during the PAGA Period that have been alleged or that could reasonably have been alleged, arising in whole or in part, from the facts or allegations contained in Plaintiff's LWDA notice letter, Plaintiff's amended and/or supplemental LWDA notice letter, the original complaint filed in state court, the First Amended Complaint, and/or the Second Amended Complaint, including any and all potential claims and forms of recovery, including but not limited to, interest, premiums, penalties (including but not limited to waiting time penalties), expenses, attorney's fees, costs, other expenses, and any other forms of remuneration recoverable under PAGA, predicated on any claims for off-the-clock- work, alleged unpaid wages (including minimum, regular, overtime, and incentive wages, nondiscretionary bonuses, shift differential pay and/or other forms of remuneration), improper calculation of the regular rate of pay for purposes of calculating overtime, untimely wage payments during employment, failure to pay all wages due upon separation of employment, failure to provide meal periods, failure to authorize and permit rest breaks, failure to provide recovery breaks, non-compliant wage statements, non-compliant timekeeping practices, payroll records, or other recordkeeping or maintenance thereof, failure to pay premiums for noncompliant meal periods, recovery breaks, and/or rest breaks, failure to reimburse business expenses, unlawful deductions, failure to pay unpaid premium pay at the correct rate of pay, failure to provide notice of material terms of employment, and alleged violations of Labor Code sections 200, 201, 202, 203, 204, 210, 218.5, 221, 226, 226.2, 226.7, 227.3, 233, 432, 500, 510, 511, 512, 513, 558, 1102.5, 1174, 1174.5, 1182, 1194, 1197, 1198, 1198.5, 2802, and 2810.5, and the Private Attorneys General Act, Section 2698, *et seq.*

Amended Settlement Agreement ¶ 41.

Judgment in this matter is entered in accordance with the terms of the Amended

Settlement Agreement and Final Approval Order. This document shall constitute a Judgment consistent with Federal Rule of Civil Procedure 58.

Without affecting the finality of the Judgment, the Court shall retain exclusive jurisdiction to enforce the Amended Settlement Agreement, the Final Approval Order and Judgment.

The Parties shall bear their own respective attorneys' fees and costs except as otherwise provided in the Amended Settlement Agreement and the Final Approval Order. In consideration of their awarded Attorney's Fees and Costs, Class Counsel waives all claims to any further attorney's fees and expenses in connection with the Action.

The awarded amount shall constitute full and final satisfaction of the obligation to pay any amounts to any person, attorney, and/or law firm for attorney's fees, costs or expenses in the Action incurred by any attorney on behalf of the Plaintiff, Class Members, and PAGA Members and shall relieve the Released Parties and the Settlement Administrator of any other claims or liability to any other attorney or law firm for any attorney's fees, costs and expense to which any of them may claim to be entitled on behalf of the Plaintiff, Class Members or PAGA Members.

Plaintiff is bound to the release of claims against Defendant and the other Released Parties and is permanently barred from prosecuting against Defendant and the other Released Parties any and all of Plaintiff's Released Claims as defined in the Amended Settlement Agreement and separate general release agreement.

This Final Judgment is intended to be a final disposition of the above-captioned action in its entirety. This Judgment resolves and extinguishes all claims released by the Amended Settlement Agreement against Defendant and the Released Parties.

Nothing in this Final Judgment is or may be deemed to be an admission by Defendant, nor is the Judgment a finding of the validity of any allegation or of any wrongdoing by Defendant. Neither the Judgment, the Final Approval Order, the Amended Settlement Agreement, nor any document referred to therein, nor any action

taken to carry out the Amended Settlement Agreement, may be construed as, or may be used as, an admission of any fault, wrongdoing, omission, concession, or liability whatsoever by or against Defendant.

The Court, finding that no reason exists for delay, hereby directs the Clerk to enter this Judgment forthwith.

**FINAL JUDGMENT IS HEREBY ENTERED. IT IS SO ORDERED, ADJUDGED AND DECREED.**

DATED: March 18, 2025

_____
HON. GEORGE H. WU,
United States District Judge